UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOUGLAS LYNN RISKAS,
CDCR #AY-4846,

                              Plaintiff,

        vs.

COUNTY OF SAN DIEGO, et al.,

                              Defendants.

Case No.  3:16-cv-02317-CAB-BLM

**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT**

        DOUGLAS LYNN RISKAS (Plaintiff), proceeding pro se, and incarcerated at the California Correctional Institution in Tehachapi, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged the County of San Diego, San Diego County Sheriff William Gore, and 50 unidentified deputies at George Bailey Detention Facility failed to protect him from assault, and failed to provide him adequate medical care while he was a pretrial detainee there in late 2015 and early 2016. (ECF No. 1 at 9-23.)

## I.      Procedural Background

        On February 10, 2017, the Court granted Plaintiff leave to proceed in forma pauperis (IFP), but dismissed his Complaint for failing to state a claim upon which relief can be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 5). Plaintiff was informed of his various pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint. (*Id.* at 5-14.) Indeed, the Clerk of Court provided him a blank copy of the Court's form § 1983 Complaint for his use in amending. (*Id.* at 14.)

Almost four months have passed since the Court's February 10, 2017 Order. But Plaintiff has not filed an Amended Complaint, nor has he requested an extension of time in which to do so.

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.    Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's February 10, 2017 Order (ECF No. 5).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  June 12, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge